UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND ANIME SOCIETY, INC.<br><br>vs.<br><br>FANTASTIC GATHERINGS, INC. &<br>INTERACTIVE MEET AND GREET<br>ENTERTAINMENT, LLC | CIVIL ACTION NO. |

**VERIFIED COMPLAINT**

**INTRODUCTION**

This is an action for trademark infringement by Plaintiff, New England Anime Society, Inc., against Defendants, Fantastic Gatherings, Inc. and Meet and Greet Entertainment. Plaintiff alleges as follows:

**THE PARTIES**

1. Plaintiff, New England Anime Society, Inc. ("NEAS") is a Massachusetts nonprofit corporation with a principal place of business at 519 Somerville Ave, Box 239, Somerville, Massachusetts, 02143.

2. Defendant Fantastic Gatherings, Inc. is a Massachusetts corporation with a principal place of business at 122 Western Avenue, Studio 108, Lowell, Massachusetts, 01851.

3. Defendant Interactive Meet and Greet Entertainment, LLC is a Massachusetts company with a principal place of business at 232 Central Street, Hudson, Massachusetts, 01749.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

5. This Court has personal jurisdiction over Defendant Fantastic Gatherings, Inc. as it is a Massachusetts corporation doing business in Massachusetts generally.

6. This Court has personal jurisdiction over Defendant Interactive Meet and Greet Entertainment LLC as it is a Massachusetts company doing business in Massachusetts generally.

7. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

**A. NEAS is the Registered Owner of the Service Mark "Anime Boston"**

8. NEAS was founded in 2001 in Massachusetts. NEAS is a 501(c)3 non-profit corporation with the mission to advance public education and understanding of Japanese society and culture through visual and written media.

9. NEAS's flagship event is "Anime Boston," a three day convention held every spring in Boston, Massachusetts. Anime Boston celebrates Japanese pop-culture and society including anime, manga, J-Pop, J-Rock, and live action Japanese media. The convention also presents aspects of Japanese history and traditional culture, and encourages people to develop a more well-rounded perspective of Japanese culture through these media.

10. NEAS has also participated in First Night Boston, the nation's oldest and longest running New Year's celebration.

11. NEAS has been using the "Anime Boston" service mark in United States commerce since 2001 (the "Mark") and continues to use the Mark in connection with its world renowned anime event.

12. NEAS owns a registration for the "Anime Boston" service mark with the U.S. Patent & Trademark Office ("USPTO"), which was registered on December 2, 2014 and

assigned Registration No. 4647927.  *See* Exhibit A (copy of Certificate of Registration for ANIME BOSTON service mark, Reg. No. 4647927).

13. NEAS spends substantial sums annually in marketing and advertising its services under the Anime Boston trademark on an international and national level.

14. NEAS maintains a website for Anime Boston at www.animeboston.com.  *See* Exhibit B.  NEAS also maintains social media pages, including Facebook and Twitter, prominently displaying the Mark.  *See* Exhibits C through E.

15. NEAS receives over twenty five thousand guests each year from all over the country and the world.  NEAS had pre-registered attendees from thirteen countries and forty-nine US states and territories for its 2017 conference.

16. NEAS and "Anime Boston" have been featured in numerous publications and media outlets, including, without limitation, the following:

- AnimeNewsNetwork.com;
- FandomPost.com;
- Japan Times, 4/3/2017: https://www.japantimes.co.jp/culture/2017/04/23/music/anime-gives-japanese-bands-new-route-potential-fans/;
- Boston Magazine, 5/23/2017 - http://www.bostonmagazine.com/arts-entertainment/2013/05/23/five-reasons-leave-house-weekend-17/ (several other articles on the site);
- CBS Boston, 3/30/2017: http://boston.cbslocal.com/2017/03/30/boston-weekend-events-anime-world-wheels-wine-tasting-brew-woo/ (several other articles on the site);
- CBS Boston, 3/31/2017: http://boston.cbslocal.com/2017/03/31/power-ranger-pink-boston-dad-mbta/ (Dad of the Year viral image);
- Fox 29 Philadelphia, 4/2/2017: http://www.fox29.com/news/dad-of-the-year-sports-pink-power-rangers-costume-to-accompany-daughter-to-convention (also Dad of the Year viral image);
- Boston Globe, 4/3/2017: https://www.bostonglobe.com/metro/2017/04/03/bernie-sanders-walked-into-costumed-battle-anime-boston/qbrYAD7vMZ0wdWL8a9O3JK/story.html (Bernie Sanders encountering some of NEAS's attendees);
- Forbes, 9/11/2015: https://www.forbes.com/sites/laurenorsini/2015/09/11/how-japanese-cartoon-conventions-broke-the-gender-barrier/#179265a0266a;
- Forbes Japan 1/17/2016: https://forbesjapan.com/articles/detail/10935;

3

- Boston.com 9/19/2012: https://www.boston.com/uncategorized/noprimarytagmatch/2012/09/19/geeks-welcome;
- WBUR/NPR, 2/22/2014: http://www.wbur.org/artery/2014/03/22/anime-boston-2;
- NECN, 2015: https://www.necn.com/multimedia/GALLERY-Anime-Boston-2015-298647491.html;
- 100.7 WZLX Boston Radio: http://wzlx.cbslocal.com/2015/04/06/jackson-goes-anime/ (audio recordings referenced NEAS, and WZLX has sent people regularly to NEAS's event to make fun of the attendees for its radio shows);
- Getty Images: http://www.gettyimages.com/photos/anime-boston?excludenudity=true&mediatype=photography&phrase=%22anime%20boston%22&sort=mostpopular;
- BU News Service, 3/31/2017: http://bunewsservice.com/what-to-do-in-boston-this-weekend-11/;
- Daily Free Press (BU), 11/14/2017: http://dailyfreepress.com/2017/10/18/mfa-late-nites-event-offers-diverse-attractions-sneak-peek-upcoming-exhibit/;
- M.I.T. The Tech, 4/3/2012: http://tech.mit.edu/V132/N17/animeboston.html;
- The Tufts Daily, 3/30/2016: https://tuftsdaily.com/news/2016/03/30/anime-brigade-members-present-panels-at-boston-convention/;
- Boston University, 4/24/2015: https://www.bu.edu/wll/2015/04/24/sarah-frederick-speaks-at-anime-boston/;
- Emerson College, 4/20/2015: https://word.emerson.edu/sprg15jr220-wheat/2015/04/20/the-trials-and-tribulations-of-anime-boston-2015/;
- MassLive, 3/24/2016: http://www.masslive.com/news/boston/index.ssf/2016/03/anime_boston_2016_schedule.html (other articles on site);
- Boston Latin School Argo, March 2014: http://www.bls.org/pdf/publications/Argo/ArgoMarch2014.pdf.

17. Anime Boston's Chairman has been invited to the celebration of the Emperor's Birthday at the Japanese Consulate from 2014 through 2017 at the request of the Consulate General of Japan in Boston. Anime Boston is a founding and active member of the International Otaku Expo Association ("IOEA"), and has participated in presentations and exhibits at the Museum of Fine Arts, Japanese Festival Boston since 2013 and First Night Boston from 2004 through 2015. NEAS has relationships with eight major production companies related to anime content.

18. NEAS's events have often been referred to as "Anime Boston" and "Boston Anime" interchangeably by consumers.  NEAS always makes an effort to correct usage of its Mark to refer to "Anime Boston" as registered with the USPTO.

### B. Defendants Begin Using a Confusingly Similar Mark

19. NEAS recently learned that Defendants have developed and promoted an anime event in Hanover Massachusetts, Boston SouthCoast Comic Con & Collectibles Extravaganza, which they have also promoted and referred to as "Boston AnimeFest" and "Boston Anime Fest" in various electronic and print media sources.

20. Fantastic Gatherings, Inc. was formed in October 2011.  Its president, treasurer and secretary, Mary McConnell Dumas, and its director, Pamela Ann Larson, previously worked as volunteers for NEAS in connection with prior Anime Boston events.

21. Dumas and Larson were familiar with NEAS, Anime Boston, and the popularity and notoriety of the Mark.

22. Interactive Meet and Greet Entertainment LLC ("IMAGE") was formed in April 2011.  Upon information and belief, IMAGE is working with Fantastic Gatherings, Inc. to promote the Boston SouthCoast Comic Con & Collectibles Extravaganza.

23. Boston SouthCoast Comic Con & Collectibles Extravaganza's website can be found at [www.bostonanimefest.com](www.bostonanimefest.com), which redirects to Defendants' webpage at www.necomicon.net.  Defendants' Facebook page ([https://wwww.facebook.com/NorthEastComicCon/posts/2055111218050103](https://wwww.facebook.com/NorthEastComicCon/posts/2055111218050103)) tagged and contained direct links to NEAS's Anime Boston Facebook page, thereby creating an association between the two unrelated events and companies without authorization of NEAS.  *See* Exhibit F.

5

{00216569.DOCX/1}

24. On November 6, 2017, NEAS sent a cease and desist letter to Defendants demanding that they stop using the name "Boston Anime" and/or "Boston Anime Fest" in connection with their event. *See* Exhibit G.

25. On November 8, 2017, NEAS's counsel received an e-mail from Gary Sohmers, the manager of IMAGE, purporting to represent Fantastic Gatherings, Inc., stating:

> [W]e humbly disagree with your interpretation and use of the terms. In the case of the terms, both "Boston" and "Anime," fall into fair use as generic when used together in either order. Boston is a locale[.] Anime is a type of Animation originating in Japan[.] Because the design of your event can also be considered "generic," and although you may feel that ours may appear to be similar, this does not give you legal ability to impede ours, or other businesses, in an attempt to create an unfair monopoly by the use of the generic terms to restrict competition. Your argument also falls short when our new word "AnimeFest" is introduced and added to our [l]ocale.

*See* Exhibit I.

26. Defendants are promoting identical services, using an indistinguishable mark, in the same geographic area, and serving the same consumers as NEAS.

27. "Anime Boston" and "Boston Anime" or "Boston Anime Fest" are similar names, using identical words simply in a different order.

28. Both NEAS' and Defendants' events and services serve creators, promotors, collectors and fans of anime and similar media and forms of expressive art.

29. As to Defendants' assertion that "Anime Boston" are generic terms in fair use, the USPTO, in fact, registered the Mark based on an express finding that the Mark had acquired distinctiveness based on NEAS's long use of the Mark in connection with its well-known and successful events and services.

30. The organizer and owner of Boston SouthCoast Comic Con & Collectibles Extravaganza is Fantastic Gatherings, Inc.; an organization that was founded and is managed by two former NEAS volunteers, who know about NEAS's Mark and events.

31. Upon information and belief, Defendants adopted a confusingly similar mark with the intention to create an association between Defendants' event and NEAS's successful and well-known events and conferences in the mind of consumers.

32. Defendants' intent to associate their event with Anime Boston is evident due to the fact that they have used "Boston" in their marks, even though their event is not located in Boston, making the mark not only likely to confuse but also likely to deceive consumers.

C. Defendant's use of the trademark "Boston Anime" or "Boston Anime Fest" is likely to cause confusion for consumers, or consumers will believe there is a sponsorship or association between NEAS's operation of "Anime Boston" and Defendants' operation of "Boston Anime" or "Boston Anime Fest".

## COUNT I
### Trademark Infringement
### 15 U.S.C. §1125(a)

33. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

34. Since 2003, NEAS has continually used the registered trademark "Anime Boston" in interstate commerce as the name of a series of events and services that NEAS operates in Boston, Massachusetts and elsewhere.

35. "Anime Boston" is distinctive, through long use in connection with NEAS's well-known and successful events, and is identified with NEAS's events nationally and

internationally.  The trademark symbolizes the valuable and extensive goodwill and consumer recognition of the "Anime Boston" events and services that NEAS has built up over the years.

36. The trademark is identified by anime industry participants, fans, and consumers worldwide with the high quality events and services that NEAS offers.

37. NEAS's federal registration on the Principal Register for the mark "Anime Boston" is conclusive evidence of NEAS's exclusive right to use this mark pursuant to Lanham Act 15 U.S.C. section 1115.

38. NEAS's trademark registration is prima facie evidence of the validity of the Mark, NEAS' ownership of and exclusive rights in the Mark, and that the Mark has acquired distinctiveness.

39. Despite actual knowledge and familiarity with NEAS's senior use of the Mark, Defendants have engaged in unfair competition and infringed upon the Anime Boston  mark by creating and promoting an event and services named "Boston Anime" and "Boston Anime Fest" and by using that name in interstate commerce to promote the event and conference which is in the same general geographic area as NEAS's event and services.

40. Because consumers associate the Anime Boston mark with the high quality events, conferences, and services of NEAS and Anime Boston, the use of "Boston Anime" and "Boston Anime Fest" is likely to and has caused confusion among consumers.

41. Defendants have infringed upon the "Anime Boston" mark with the intent to deceive the public into believing that Defendants' event is approved by, sponsored by or affiliated with NEAS and or its Anime Boston events and services.

42. Defendants' infringing acts were done intentionally and willfully, with the intent to create confusion and association between Defendants' event and services and NEAS and its highly successful events and services.

43. Fantastic Gatherings, Inc.'s president, treasurer and secretary and one of its directors are former volunteers at NEAS's Anime Boston events. Accordingly, they were familiar with NEAS's Mark and services.

44. Defendants linked NEAS's social media sites to their own social media sites, which upon information and belief, they did to create the appearance of a relationship between NEAS's events and Defendants' event and to trade on NEAS's goodwill.

45. As a result of Defendants' actions, NEAS has suffered irreparable injury and harm and has been damaged in an amount to be determined at trial.

## COUNT II
## False Designation
## 15 U.S.C. §1125(c)

46. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

47. Defendants' use of the names "Boston Anime" and "Boston Anime Fest" is confusingly similar to NEAS's Anime Boston Mark and has the effect of associating Defendants or their services with Anime Boston or NEAS in the minds of the purchasing public, thereby trading off the good will acquired by NEAS.

48. Defendants' operation of Boston SouthCoast Comic Con & Collectibles Extravaganza under these confusingly similar names and marks is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of Defendants with NEAS as

to the origin, sponsorship or approval of Defendants' services by NEAS entitling plaintiff to relief under 15 U.S.C. §1125(c).

## COUNT III
## Cybersquatting
## 15 U.S.C. §1125 (d)

49. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

50. NEAS is the registered owner of the trademark Anime Boston.

51. Defendants have established and used the domain name www.bostonanimefest.com (the "domain name").

52. This domain name is confusingly similar to the trademark owned by NEAS.

53. NEAS, through its long use of the mark and its federal registration for the mark, has exclusive rights in the Anime Boston trademark.

54. The Anime Boston trademark was distinctive at the time of Defendants' registration of the domain name.

55. Defendants do not have any common law or registered rights to the mark Anime Boston or its inverse, Boston Anime, and thus, no rights to use the www.bostonanimefest.com domain name.

56. Defendants registered this domain name with a bad-faith intent to profit from using the domain name which is confusingly similar to NEAS's distinctive Anime Boston Mark.

57. As a result of Defendants' actions, NEAS has suffered damages in an amount to be determined at trial.

## COUNT IV
### Recovery of Profits, Damages and Costs and Attorneys' Fees
### 15 U.S.C. §1117 and §1114

58. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

59. The actions of Defendants as outlined above constitute exceptional circumstances upon which reasonable attorneys' fees may be awarded to NEAS.

60. The actions of Defendants in violating the service mark of NEAS have been malicious, fraudulent, willful and deliberate and as such merits the award of damages and attorneys' fees under this statute.

## COUNT V
### Common Law Trademark Infringement

61. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

62. NEAS's use of the Anime Boston Mark predates any alleged use by Defendants in the United States.

63. By Defendants' use of Boston Anime and/or Boston Anime Fest, the Defendants have imitated and infringed upon the Anime Boston Mark in violation of Massachusetts law.

64. Defendants' use of Boston Anime and/or Boston Anime Fest is without NEAS's consent.

65. Upon information and belief, Defendants began bad faith infringement of NEAS's trademark in violation of Massachusetts law in or about 2017.

66. Upon information and belief, with a deliberate attempt to create confusion in the market place, Defendants continue to use the Boston Anime and/or Boston Anime Fest mark in the marketing and operation of an indistinguishable event and conference.

11

67. Defendants' use of the Boston Anime and/or Boston Anime Fest name has or is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with NEAS and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendants' events and services with NEAS's events and services.

68. By reason of Defendants' recent use in commerce of NEAS's registered trademark, actual acts of confusion are likely to occur and may have already occurred causing NEAS irreparable harm.

## COUNT VI
## Unfair Competition Under Gen. Laws C. 93A

69. NEAS restates and incorporates herein by reference the allegations in the above paragraphs.

70. Defendants are engaged in trade or commerce primarily and substantially in the Commonwealth of Massachusetts.

71. Upon information and belief, Defendants, by their acts alleged herein, have deliberately calculated to deceive, and have deceived, the relevant trade and public in the mistaken belief that Defendants' events and services is sponsored by or connected with the NEAS's events and services.

72. Upon information and belief, Defendants, by their acts alleged herein, have intentionally attempted to pass off Defendants' event and services as one of NEAS's events or as operated in connection with NEAS's events or services.

73. NEAS has suffered and will continue to suffer or is likely to suffer actual and irreparable harm and damage as a result of Defendants' willful acts alleged herein.

74. NEAS has suffered and will continue to suffer loss of money and or property in connection with Defendants' actions alleged herein.

WHEREFORE NEAS requests this court to:

A. Enter Judgment in favor of NEAS on all counts;

B. Enter an injunction ordering Defendants and their respective officers, directors, shareholders, managers, members, agents, servants, employees and representatives to refrain from: using, authorizing or employing the Anime Boston service mark, or any confusingly similar variation, to operate events or provide services related to or including the anime industry, its participants, fans or customers; using the "Anime Boston" service mark or any confusingly similar variation in any domain name; and from otherwise infringing on NEAS's trademarks, service marks and valuable goodwill;

C. Transfer the domain name "www.bostonanimefest.com" to NEAS;

D. Award NEAS damages it has sustained as a result of Defendants' acts;

E. Order that NEAS be awarded all of its costs, reasonable attorneys' fees and expenses;

F. Order that NEAS be awarded such other relief as the Court deems just and proper.

## JURY DEMAND

NEAS hereby demands a trial by jury on all issues and claims so triable.

NEW ENGLAND ANIME SOCIETY, INC.,

By its attorneys,

Dated: November __, 2017

/s/Michael J. Duffy
Michael J. Duffy, Esq. (MA Bar #652621)
Ruberto, Israel & Weiner, P.C.
255 State Street, 7th Floor
Boston, MA 02109
617-742-4200
617-742-2355 (fax)
mjd@riw.com

## **VERIFICATION**

I, Christopher O'Connell, hereby state under the penalties of perjury that I am president of New England Anime Society, Inc., that I have read the allegations of the Verified Complaint, and state that those allegations are true to the best of my knowledge, information and belief.

/s/Christopher O'Connell
Christopher O'Connell

November 27, 2017